IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

**DIANA MEY, individually
and on behalf of a class of all
persons and entities similarly situated,**

      **Plaintiff,**

vs.

**G1 CONSULTING, INC.,
GREG POWERS, in his individual capacity,
BURTON ROARK, in his individual capacity,
JOHN DOE,**

      **Defendants.**

ELECTRONICALLY FILED
Apr 30 2020
U.S. DISTRICT COURT
Northern District of WV

Case No. **5:20-CV-87 (Bailey)**

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     Plaintiff Diana Mey brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telephone practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.     According to the Federal Trade Commission's December 2017 Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telemarketing calls to explode in recent years. Consumer complaints to the FTC about illegal calls have more than quintupled in recent years, growing from about 63,000 per month in 2009 to an average of more than 375,000 per month in 2017.

3.     The sheer volume of illegal telemarketing overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission.

Consequently, private consumer enforcement actions, which Congress authorized when it enacted the TCPA in 1991, play a critical role in combatting illegal telemarketing.

4. Plaintiff Mey brings this action to enforce the TCPA in the face of rampant illegal telemarketing by G1 Consulting.[1] G1's telemarketing abuses are enabled through the use of an automatic telephone dialing systems ("ATDS"), which allows G1 and/or its agents to place to place hundreds of thousands of calls per day.

5. Plaintiff alleges that G1, made an automated call to her cellular telephone line without her prior express consent, and despite the fact that her number was on the National Do Not Call Registry.

6. G1 Consulting is a political survey and research company. To conduct its research, G1 hires telemarketing agents to call people like Ms. Mey to conduct research and survey campaigns.

7. Plaintiff brings this action to enforce the telemarketing laws against G1 Consulting and its telemarketing agents.

8. Under the TCPA, efforts to shirk responsibility by shifting the blame fail. The TCPA imposes liability not only on the entities that place illegal telemarketing calls, but also on those entities that hire them and benefit from them.

9. Vicarious liability is an essential feature of the remedial provisions and purposes of the TCPA. According to the FCC, the agency charged with interpreting the statute, a seller is not shielded from liability simply because *others* violate the law on its behalf and for its benefit. This is so in part because the agents and lead-generators that place illegal calls often are

---

[1] Defendant G1 Consulting, Inc., d/b/a as G1 Consulting Group and/or G1 Research (collectively "G1").

judgment proof and difficult to identify, and sellers like G1 are best positioned to monitor and control their activities. Under these circumstances, and to further protect consumers from the nuisance and privacy-invasion of unwanted telemarketing, liability is imputed to the more reputable and more financially solvent sellers—here, G1 Consulting.

10. Because the call to Ms. Mey was transmitted using technology capable of generating thousands of similar calls per day, she brings this action on behalf of a proposed nationwide class of other persons who received the same illegal telephone calls.

11. A class action is the best means of obtaining redress for the Defendants' illegal telephone calls and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

12. Plaintiff brings this action to enforce the TCPA's strict limits on telemarketing calls placed through ATDS to cellular telephone lines. On behalf of the proposed class defined below, Plaintiff seeks statutory damages of $500-$1500 per illegal call and injunctive relief requiring Defendants to comply with the law.

**Parties**

13. Plaintiff Diana Mey resides in this District.

14. Defendant G1 Consulting, Inc., d/b/a as G1 Consulting Group and/or G1 Research is incorporated in Utah, with its headquarters located at 1511 W. 110 N., Pleasant Grove, UT 84062.

15. Defendant Greg Powers is a resident of Utah. From July 2014 to the present, he served as the registered agent for G1 Consulting, Inc., d/b/a as G1 Consulting Group and/or G1 Research, and upon information and belief is also the owner of G1 Consulting, Inc., d/b/a as G1 Consulting Group and/or G1 Research.

16. Defendant Burton Roark is a resident of Georgia. Upon information and belief, he served as the managing director of G1 Consulting, Inc., d/b/a as G1 Consulting Group and/or G1 Research from February 2017 to the present.

17. The John Doe Defendant is an additional individual, agent, lead generator, or entity, whose identity is presently unknown, who engaged in all or some of the acts in this complaint or who are part of a joint enterprise with other defendants.  Alternatively, the John Doe Defendant participated in the business affairs and/or exercised a degree of control sufficient to impose liability for the actions of other defendants.

## Jurisdiction & Venue

18. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq. because Plaintiff's claims arise under the laws of the United States.

19. This Court has personal jurisdiction over Defendants because it engaged in, directed, and/or carried on business activities in this District. More specifically, Defendants dialed or directed others to dial Plaintiff's number with dedicated (304) West Virginia area code, causing her phone to ring in Ohio County for purposes of transacting business in this State, and upon information and belief, engaged in other persistent courses of conduct which constitute minimum contacts for purposes of personal jurisdiction.

20. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, Plaintiff's receipt of the automated call—occurred in this District.

## Statutory Background

21. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

22. The TCPA makes it unlawful to make calls to cellular telephone lines using an "automatic telephone dialing system" without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012). Plaintiff alleges violations of that provision in Count One.

23. The FCC has explained that such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

24. Because allowing an entity "to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions," the FCC has consistently held that a corporation or other entity "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

**Factual Allegations**

25. G1 has provided political research and survey services since at least 2014. G1's efforts include the use of automatic dialing equipment to send its calls.

26. On March 22, 2018, the Ms. Mey received a telephone call from 681-494-2012 to her cellular telephone line, (304) 280-XXXX.

27. Ms. Mey had registered this number on the National Do Not Call Registry more than a decade ago.

28. The call began with a distinctive click and pause when Ms. Mey answered, the telltale sign of an ATDS system.

29. Ms. Mey heard a loud beep, and then a live representative introduced himself as "Allen calling with G1 Research."

30. Allen explained that G1 is a national research company that was conducting "a public opinion survey in [her] area to assess current issues in the news."

31. When the connection became poor, Ms. Mey asked whether Allen was in West Virginia. He explained that he was on the West Coast, which might account for the poor connection.

32. Allen also admitted to using an ATDS: "we have a dialer that dials our numbers for us."

33. These facts, as well as the geographic distance between the Plaintiff and the Defendants and the fact that this call was part of a broad telephone campaign, demonstrate that the call was made using an ATDS as that term is defined in 47 U.S.C. § 227(a)(1).

34. Defendants Greg Powers and Burton Roark knowingly and willfully used an ATDS or hired agents—such as the John Doe Defendant—to use an ATDS to contact Plaintiff Mey and other class members.

35. Plaintiff Mey had never done business with G1, and Plaintiff never provided G1 with her cellular telephone number.

36. G1 and/or its agents did not have Ms. Mey's prior express written consent to make this call.

37. On April 5, 2018, Ms. Mey wrote to G1 to requesting proof of her prior express written consent to receive ATDS calls from G1 and its agents. G1 provided no such evidence and has failed to respond at all.

38. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were occupied, they were charged for the calls, and their privacy was invaded.

39. Moreover, the calls injured Plaintiff and other recipients because the calls were frustrating, obnoxious, annoying, were a nuisance, and disturbed their solitude.

## Class Action Allegations

40. As authorized by Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

41. The proposed class includes:

> All persons within the United States to whom, within four years prior to the filing of this action, (a) Defendants and/or a third party acting on its behalf placed one or more non-emergency telephone calls; (b) to their cellular telephone line; (c) using equipment that has the capacity to dial numbers automatically without human intervention.

42. Excluded from the class are Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

43. The proposed class members are identifiable through phone records and phone number databases.

44. The automated technology used to contact Plaintiff is capable of contacting hundreds of thousands of people a day, and so the potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

45. Plaintiff is a member of the proposed class.

46. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

   a. Whether G1 used an automatic telephone dialing system to make the calls at issue;

   b. Whether G1 placed telephone calls without obtaining the recipients' valid prior express consent;

   c. Whether G1's violations of the TCPA were negligent, willful, or knowing; and

   d. Whether Plaintiff and the class members are entitled to statutory damages because of G1's actions.

47. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same or similar dialing system on a cellular telephone line.

48. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. The actions of G1 are generally applicable to the class and to Plaintiff.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by G1 and/or its agents.

51. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case and given the small recoveries available through individual actions.

52. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Violation of the TCPA's provisions prohibiting autodialed calls to cell phones, 47 U.S.C. § 227(b)

53. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54. Defendants violated the TCPA, either directly or through the actions of others, by initiating a telephone call to Ms. Mey's cellular telephone line using an automatic telephone dialing system. *See* 47 U.S.C. § 227(b)(1)(A).

55. The acts and omissions of G1 and/or its affiliates, agents, and other persons or entities acting on G1's behalf violated the TCPA's ban on using an ATDS to make calls to the cellular telephone numbers of Plaintiff and members of the class.

56. As a result of these violations, Plaintiff and class members are entitled to an award of $500 in damages for each negligent call made to their cellular telephone lines using an ATDS. *See* 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff and class members are further entitled to an award of up to $1500 in damages for each call made knowingly or willfully to their cellular telephone lines using an ATDS. 47 U.S.C. § 227(b)(3)(C).

58.     Plaintiff and class members are also entitled to and seek injunctive relief prohibiting G1 and its affiliates, agents, and other persons or entities acting on G1's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS in the future.

59.     Defendants' violations were negligent, willful, or knowing.

## Relief Sought

For herself and all class members, Plaintiff requests the following relief:

A.     Certification of the proposed class;

B.     Appointment of Plaintiff as representative of the class;

C.     Appointment of the undersigned counsel as counsel for the class;

D.     A declaration that G1 and its affiliates, agents, and other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining G1 and its affiliates, agents, and other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the class of all damages allowed by law, inclusive of pre- and post-judgment interest, costs, and attorneys' fees;

G.     Leave to amend this Complaint to conform to the evidence developed during discovery and presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated:  April 30, 2020	Respectfully submitted,

	Plaintiff,
	By Counsel,


	 /s/ Benjamin J. Hogan
	John W. Barrett (WV Bar No. 7289)
	Jonathan R. Marshall (WV Bar No. 10580)
	Benjamin J. Hogan (WV Bar No. 12997)
	BAILEY & GLASSER LLP
	209 Capitol Street
	Charleston, WV  25301
	Telephone: (304) 345-6555
	jbarrett@baileyglasser.com
	jmarshall@baileyglasser.com
	bhogan@baileyglasser.com